# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

CHRISTOPHER LIROY TYSON    MISC. NO. 19-MC-0031

VERSUS                                        MAGISTRATE JUDGE WHITEHURST

PHILLIP MATTHEW DASPIT, ET AL.

## RULING AND ORDER

Pending before the Court is the Verified Petition to Take Depositions to Perpetuate Testimony Before Action [Doc.1], filed by the movant, Christopher Liroy Tyson. For the following reasons, the motion is DENIED.

The instant motion comes before the Court as a miscellaneous matter, having been filed before the filing of a federal complaint. In his motion, the movant states that he expects to be a plaintiff in an action that has yet to be filed, and that the subject matter of the expected action is an action for damages, punitive damages, and attorney fees under the provisions of 42 U.S.C §§1983 and 1988 for a violation of the movant's constitutional rights under the Fourth Amendment for false arrest, false imprisonment, excessive force, and malicious prosecution.

A brief review of the alleged facts show that the movant alleges he was falsely arrested and confined after being kicked and unlawfully restrained in the emergency room of Our Lady of Lourdes Regional Medical Center ("OLOL") during the early morning hours of June 17, 2018. The movant alleges that a bill of information was filed on August 9, 2018, charging him with Disarming a Police Officer (Felony) in

violation of LA R.S. §14:34.6; Disturbing the Peace by Fistic Encounter (Misdemeanor) in violation of LA R.S. §14:103; Criminal Damage to Property (Misdemeanor) in violation of LA R.S. §14:56(B)(1); and Resisting Arrest in violation of LA R.S. §14:108. On September 14, 2018, the District Attorney's office dismissed the Disarming a Police Officer charge because the Lafayette Police Department does not issue its officers knives. The movant alleges that was released from confinement on August 24, 2018, after sixty-nine days of alleged false imprisonment based upon a fabricated felony charge.

In his motion, the movant states that he is unable to file his action at the present time because "further investigation is needed to adequately draft a federal complaint with all culpable parties and claims for damages." The movant goes on to state that he wishes to perpetuate the testimony of two OLOL security guards, Christopher Brown and Scott E. Christianson, who were eyewitnesses to the incident in question. The movant argues that he needs to perpetuate this testimony because his family members have received reports from other employees of the OLOL that certain staff members of OLOL are/ seeking to induce the security guards to testify in conformity with the allegations of the arresting officer.

Rule 27 of the Federal Rules of Civil Procedure allows the perpetuation of testimony before the filing of a federal action. In order to obtain relief under this Rule, the movant must show that he (A) expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought; (B) the subject matter of the expected action and the petitioner's interest; (C) the facts that the

petitioner wants to establish by the proposed testimony and the reasons to perpetuate it; (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and (E) the name, address, and expected substance of the testimony of each deponent. Fed. R. Civ. P. 27 (A)-(D).

The jurisprudence makes clear that unsubstantiated, conclusory allegations that evidence will be lost are not sufficient to warrant relief under Rule 27. In *In re Ramirez*, 241 F.R.D. 595, 596 (W.D. Tex. 2006), a §1983 action, the court denied a movant's request for police department records when the movant argued he "believe[d] that there [was] a substantial risk that the City will lose or despoil evidence." The court stated:

> This conclusory statement does not in any way show that evidence is likely to be lost pending the filing of the lawsuit. . . . [p]etitioner clearly has failed to adequately set forth the factual basis underlying his belief that the testimony he seeks to obtain will be lost if not preserved. Indeed, petitioner has wholly failed to allege any facts to support his conclusory assertion that the testimony he wishes to elicit prior to filing his complaint will be unattainable or otherwise unavailable at a later date if not preserved before his complaint is filed.

*In re Ramirez*, 241 F.R.D. at 596.

Additionally, the Court went on to note that "Rule 27 affords relief only to those petitioners seeking to 'perpetuate testimony.' It is well-established in case law that perpetuation means the perpetuation of *known* testimony. In other words, Rule 27 may not be used as a vehicle for discovery prior to filing a complaint . . . It is available in special circumstances to preserve testimony which could otherwise be lost.")." *Id.* at 596 (emphasis added), *citing In re Ford*, 170 F.R.D. 504, 507 (M.D.Ala.1997) ("Here, Ford seeks to discover or uncover testimony, not to

3

perpetuate it.... Ford simply wants to know who shot Roberts and why. Rule 27 simply does not provide for such discovery.").

In the instant matter, the movant argues only that he has been told by family members that other OLOL employees are possibly "seeking to induce the security guards to testify in conformity with the allegations" of the arresting officer. There is no allegation that the officers are expected to testify untruthfully, only that other employees may seek to induce them to do so. As the court stated in *In re Ramirez*, perpetuation under Rule 27 means the perpetuation of *known testimony*. Here, the movant has not set forth what the known testimony of the officers in question will be, or why the testimony must be perpetuated, other than a fear that the officers will not testify truthfully. As set forth in the jurisprudence, Rule 27 may not be used as a vehicle for discovery prior to filing a complaint. Thus, the requested depositions cannot be used to glean what the officers will testify to and what evidence they can provide before the lawsuit is filed. Moreover, whether a witness will testify truthfully is a question in every case. The movant's allegations are conclusory allegations that potential witnesses might not tell the truth. The jurisprudence makes clear that such circumstances do not warrant relief under Rule 27.

Considering the foregoing, the movant's Verified Petition to Take Depositions to Perpetuate Testimony Before Action [Doc.1] is DENIED.

Signed at Lafayette, Louisiana, this 3RD day of May, 2019.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE